United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 15-12313-jkf
Juliann Apelt                                                           Chapter 13
      Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2    User: admin         Page 1 of 1         Date Rcvd: Aug 09, 2019
                       Form ID: 3180W       Total Noticed: 11

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 11, 2019.
```
db           +Juliann Apelt,   1012 Bloomfield Ave,   Philadelphia, PA 19115-4819
14194627     +Home Point Financial Corporation,   11511 Luna Road, Suite 300,   Farmers Branch, TX 75234-6451
13517363     +Maverick Funding Corp.,   Cenlar FSB,   425 Phillips Blvd,   Ewing, NJ 08618-1430
13503964     +Phila Parking Authority - Bankrupty Dept,   701 Market St.,   Suite 5400,
               Philadelphia, PA 19106-2895
13543606     +Philadelphia Gas Works,   800 W Montgomery Ave,   Phila Pa 19122-2898,
               Attn: Bankruptcy Dept 3F
13503965     +Police and Fire Federal Credit Union,   901 Arch St.,   Philadelphia, PA 19107-2495
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg           E-mail/Text: megan.harper@phila.gov Aug 10 2019 04:02:14    City of Philadelphia,
               City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
               Philadelphia, PA 19102-1595
smg           E-mail/Text: RVSVCBICNOTICE1@state.pa.us Aug 10 2019 04:00:47
               Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
               Harrisburg, PA 17128-0946
smg          +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Aug 10 2019 04:01:43    U.S. Attorney Office,
               c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
13602915      E-mail/Text: megan.harper@phila.gov Aug 10 2019 04:02:14
               Water Revenue Bureau,City of Philadelphia,   Law Department Tax Unit,   Bankruptcy Group, MSB,
               1401 John F. Kennedy Blvd., 5th Floor,   Philadelphia, PA  19102-1595
13923312      EDI: PRA.COM Aug 10 2019 07:28:00    Portfolio Recovery Associates, LLC,   PO Box 41067,
               Norfolk, VA 23541
                                                                                              TOTAL: 5
```

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 11, 2019                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 8, 2019 at the address(es) listed below:
```
              ALFONSO G. MADRID    on behalf of Debtor Juliann  Apelt alfonsomadridlawECF@gmail.com
              FREDERICK L. REIGLE    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor   Maverick Funding Corp. bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              MARISSA M. O'CONNELL    on behalf of Creditor   City of Philadelphia, Law Department Tax Unit
               marissa.o'connell@phila.gov, karena.blaylock@phila.gov
              MATTEO SAMUEL WEINER    on behalf of Creditor   Maverick Funding Corp. bkgroup@kmllawgroup.com
              REBECCA ANN SOLARZ    on behalf of Creditor   Maverick Funding Corp. bkgroup@kmllawgroup.com
              SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com, ecf_frpa@trustee13.com
              THOMAS I. PULEO    on behalf of Creditor   Maverick Funding Corp. tpuleo@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                             TOTAL: 9
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Juliann Apelt** | Social Security number or ITIN **xxx−xx−5059** |
| | First Name   Middle Name   Last Name | EIN  _ _−_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _−_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **15−12313−jkf** | |

# Order of Discharge                                                                                              12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Juliann Apelt
aka Juliann O'Brien, aka Juliann Kowalko

8/8/19                                                      **By the court:**    Jean K. FitzSimon
                                                                                                    United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**